UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| GLADYS M. WHITFIELD,<br><br>Plaintiff,<br><br>v.<br><br>RENT RECOVER OF BETTER NOI LLC,<br><br>Defendant. | CASE NO.: 1:16-cv-02108<br><br>JURY DEMAND |

**COMPLAINT**

### I.     INTRODUCTION

1. This is an action for statutory and actual damages, costs of the action and a reasonable attorney's fee brought by Gladys M. Whitfield for violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., by Defendant.

### II.     JURISDICTION

2. Jurisdiction of this court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. §§ 1331 and 1337.

### III.     PLAINTIFF

3. Plaintiff Gladys M. Whitfield is a natural person residing in Indianapolis, Indiana.

### IV.     DEFENDANT

4. Defendant Rent Recover of Better NOI LLC is a for-profit limited liability company with its principal place of business in Wood Dale, Illinois.

5. At all times referenced herein, Defendant was operating as a debt collector as defined by 15 U.S.C. § 1692a(6).

### V.     STATEMENT OF FACTS

6. Plaintiff entered into a residential lease agreement with "In Good Company acting as Rental Agent for the owner of dba Preserve at Grande Oaks Apartments" for an apartment located at 1403 Eisenhower Avenue, Valparaiso, IN.

7. The lease was from July 7, 2015 to January 31, 2016.

8. On November 17, 2015, Plaintiff advised In Good Company in writing that she would be terminating the lease early and intended to vacate the apartment as of November 24, 2015.

9. Also on November 17, 2015, Plaintiff provided In Good Company in writing with the new address where she was moving: 3720 Marrison Place, Indianapolis, IN 46205.

10. On November 18, 2015, Plaintiff and an In Good Company representative conducted a pre-walkthrough walkthrough and the In Good Company representative told Plaintiff at that time that she did not need to pay the last month's (January 2016) rent.

11. On November 24, 2015, Plaintiff confirmed in writing that she did not need to pay the January rent; an In Good Company representative responded to Plaintiff's e-mail but did not dispute Plaintiff's representation that she was told this.

12. Plaintiff moved out of the apartment at 1403 Eisenhower Avenue on November 24, 2015.

13. On or about April 20, 2016, In Good Company sent Plaintiff the letter and enclosure, attached hereto as Exhibit A, which purports to show that Plaintiff still owes $865.00 to In Good Company.

14. On or about April 30, 2016, Plaintiff sent In Good Company the letter, attached hereto as Exhibit B, disputing that she owed any amount to In Good Company.

15. On or about June 29, 2016, Defendant sent Plaintiff the dunning letter attached hereto as Exhibit C.

16. Defendant subsequently placed telephone collection calls to Plaintiff.

17. Pursuant to Indiana Code § 32-31-3-14, In Good Company had 45 days from the termination of occupancy to send Plaintiff the amounts and lease on which it intended to assess Plaintiff.

18. In Good Company sent no such notification to Plaintiff within 45 days.

19. Pursuant to Indiana Code § 32-31-3-15, the failure to timely send such notice constitutes agreement by the landlord that no damages are due.

20. Accordingly, no damages are due (both because In Good Company orally released Plaintiff from the obligation and because In Good Company failed to comply with I.C. § 32-31-3-15) and In Good Company was obligated to refund Plaintiff's security deposit.

### VI.   CLAIMS FOR RELIEF

#### A.   Fair Debt Collection Practices Act

21. Plaintiff repeats, re-alleges and incorporates by reference paragraphs one through twenty above.

22. Defendant violated the Fair Debt Collection Practices Act.  These violations include, but are not limited to:

    a. Falsely representing that Plaintiff owed a debt she did not owe, in violation of 15 U.S.C. § 1692e.

23. As a result of the violation of the Fair Debt Collection Practices Act, Defendant is liable to Plaintiff for her actual damages, statutory damages, costs, attorney fees and all other appropriate relief.

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in her favor and against Defendant in an amount that will compensate her for her actual damages, statutory damages, costs, attorney fees and all other appropriate relief.

Respectfully submitted,

s/ *Robert E. Duff*
Robert E. Duff, Atty No. 16392-06
Indiana Consumer Law Group/
The Law Office of Robert E. Duff
P.O. Box 7251
Fishers, IN 46037
800-817-0461
robert@robertdufflaw.com

### JURY TRIAL REQUEST

Plaintiff requests a trial by jury.

s/ *Robert E. Duff*
Robert E. Duff, Atty No. 16392-06
Indiana Consumer Law Group/
The Law Office of Robert E. Duff
P.O. Box 7251
Fishers, IN 46037
800-817-0461
robert@robertdufflaw.com

3